UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

THE ESTATE OF WILLARD BLISS,
by and through its Personal Representative,
JEANNIE DORSEY; and
JEANNIE DORSEY,

   Plaintiffs,

v

JACOB ZAJAC; and
WEXFORD COUNTY SHERIFF'S
OFFICE, a governmental agency.

   Defendants.

File No.

Hon.

Thomas H. Blaske (P26760)
John F. Turck IV (P67670)
BLASKE & BLASKE, P.L.C.
Attorneys for Plaintiff
1327 Jones Drive, Suite 105
Ann Arbor, Michigan 48105
(734) 747-7055
thb@blaske.com
jt4@blaske.com

# **COMPLAINT & JURY DEMAND**

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court.

            /s/ John F. Turck IV
            John F. Turck IV (P67670)

Plaintiff, by and through its attorneys, Blaske & Blaske, P.L.C., for its Complaint says:

## INTRODUCTION

1. Willard "Willie" Bliss endured an additional hour and fifteen minutes of suffering as a result of Defendant Zajac not performing an appropriate search of Bliss's property on November 17, 2020, as requested and authorized by Bliss's daughter, Jeannie Dorsey.

2. Bliss died after being rushed to the hospital and treated for prolonged exposure to the elements, exposure which would have been considerably mitigated if Defendant Zajac had completed an appropriate search.

3. Plaintiff the Estate of Willard Bliss now brings this action for money damages against Defendant Jacob Zajac – the Sheriff's Deputy who failed to complete a search – and the Wexford County Sheriff's Office, for violating Plaintiffs' constitutional rights and other rights accorded him by common and statutory law.



**Willard "Willie" Bliss (left) with his daughter Jeannie Dorsey (right).**

## PARTIES

4. This action arises under 42 U.S.C. § 1983 and jurisdiction is conferred by this statute.

5. Plaintiff The Estate of Willard Bliss is a probate estate opened in Wexford County Probate Court as File No. 2020-9465-DE.

6. Jeannie Dorsey is the duly-appointed Personal Representative of the Estate pursuant to Letters of Authority issued on December 21, 2021.

7. Plaintiff Jeannie Dorsey is a resident of Skiatook, Oklahoma.

8. At all relevant times Defendant Jacob Zajac was a police officer employed by the Wexford County Sheriff's Office acting under the authority of the State of Michigan.

9. Defendant Wexford County Sheriff's Office is a governmental agency providing municipal services in the County of Wexford, State of Michigan.

10. At all relevant times Defendant Zajac and Defendant Wexford County Sheriff's Office, including through its employees and/or agents, acted within the scope of their employment with the Wexford County Sheriff's Office and under color of state law.

## JURISDICTION

11. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment to the United States Constitution.

12. Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1343(a)(1), (2), (3), and (4) and the aforementioned statutory and constitutional provisions.

13. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 42 U.S.C. § 1367.

## VENUE

Venue is proper in the United States District Court for the Western District of Michigan, pursuant to 28 U.S.C. § 1391 (b)(2), in that this is the judicial district in which the events giving rise to the claim occurred.

## FACTUAL ALLEGATIONS

14. Willard "Willie" Bliss was a father, grandfather, business owner, and pillar of his community of Mesick, Michigan.

15. Willie lived alone on his property in Mesick.

16. One of Willie's great joys in life, and also how he made his living, was working on tractors, cars, and other machines.

17. Another of Willie's great joys was visiting his daughter, Jeannie Dorsey, and his grandchildren in Oklahoma.

18. Willie returned from one such trip on September 24, 2020.

19. Ms. Dorsey typically spoke with her father via telephone several times a day.

20. Ms. Dorsey and Willie spoke on the phone earlier in day on November 16, 2020.

21. Ms. Dorsey was unable to get in contact with Willie on the evening of November 16, 2020. This did not worry her at the time.

22. Ms. Dorsey was still unable to get in contact with her father the following morning.

23. She started to worry about his well being given his history of health problems, including diabetic neuropathy and several heart attacks.

24. Ms. Dorsey reached out to Willie's brother, Dwight, who had visited Willie the afternoon before.

25. Dwight had last seen Willie at 4:00 pm on November 16.

26. Dwight was also unable to get in touch with Willie.

27. Dwight does not have a car, and was thus unable to physically check on Willie.

28. By 11:00 am, Ms. Dorsey had called approximately 100 times, and Dwight had also called several times, but all times were unable to get in touch with Willie.

29. At this point, Ms. Dorsey contacted Defendant Wexford County Sheriff's Office. Ms. Dorsey told a dispatcher of her concerns.

30. At approximately 11:30 Ms. Dorsey was called from a blocked number by Defendant — Wexford County Sheriff's Deputy Jacob Zajac.

31. Defendant Zajac told Ms. Dorsey that he had done a cursory assessment of Willie's property in Wexford County, and that everything seemed fine, though he had not been able to locate or otherwise get into communication with Willie.

32. Defendant Zajac informed Ms. Dorsey that Willie's car was by the property's garage.

33. Ms. Dorsey told Defendant Zajac that – because of his severe diabetic neuropathy – Willie was unable to traverse the distance between the house and the garage by foot, so the presence of the car meant he must be in the garage (indicated below with a star):



**Willard Bliss' Property**

34. Defendant Zajac failed to complete the search he was dispatched to complete.

35. Defendant Zajac expressed an unwillingness to open any doors.

36. Defendant Zajac then left the property.

37. Ms. Dorsey then called her sister, Theresa Miehlke, to check on Willie.

38. The property had unlocked doors when Miehlke arrived.

39. Zajac would not have needed to break down any doors to complete a more thorough search because the house and garage were unlocked.

40. Miehlke found Willie hanging from the stairs of one of his tractors by the garage, with his head and shoulders on the ground.

41. Willie became stuck – presumably the night before – after falling backwards while presumably attempting to hook one of his tractors up to a battery charger.

42. His feet became hooked on the stairs, with his head and shoulders resting on the ground.

43. As a result of Willie's medical conditions, as well as the extremity of the situation, he was unable to free himself.

44. The tractor Willie was exposed to the elements on the eastern side of the garage.

45. Though Willie would not have been easily visible when looking out from the main house, he would have easily been discovered if even a cursory search of the property had been conducted.

46. The temperature recorded in this area in the time frame in question was well below freezing.

47. Willie was freed and rushed to the hospital.

48. Willie spent around 16 hours hanging from the tractor in the cold November weather.

49. Medical staff at the hospital advised Willie's family of the severity of his condition, and the severe impairments he would suffer from, assuming he survived at all.

50. Willie's family made the decision that no family ever wants to make – to discontinue care.

51. Willie died that night, after spending an additional hour and fifteen minutes in freezing temperatures that he would not have if Defendant Zajac had completed his search.

52. The proximate cause of Willie's death was Defendant Zajac's failure and refusal to complete the search he was dispatched to see through.

53. Willie's Fourteenth Amendment rights to equal protection under the law and due process were violated when Defendant Zajac, with gross negligence and deliberate indifference, failed to complete the remainder of the search.

54. Defendant Zajac checking the backside would have been entirely safe, legal, and appropriate.

55. There were no indications of any danger on the property, and no information was presented to Defendant Zajac on that day which would lead a reasonable person to believe he would be in any danger if he completed the search.

56. Defendant Zajac makes no mention in his report of any potential hazards to his well-being.

57. Defendant Zajac was grossly negligent and deliberately indifferent in his actions. He failed to perform an adequate search of the property that, if done by a reasonably competent person, would have resulted in Bliss being found.

58. Defendant Zajac acted with gross negligence and deliberate indifference when he failed to heed Jeannie's — ultimately accurate — guidance that because Bliss's car was by the garage, he must be there.

## COUNT I: SECTION 42 U.S.C. § 1983
## DEFENDANT JACOB ZAJAC

59. Plaintiff incorporates here all previous paragraphs.

60. The aforementioned deliberately indifferent and careless acts and conduct of Defendant Zajac deprived Plaintiff of the right to the full and equal benefit of all Constitutional and statutory laws and proceedings for the security of their person.

61. Defendant Zajac's acts and omissions, acting under color of state law, were committed with deliberate indifference for Plaintiff's known rights, and deprived Plaintiff of the following clearly-established and well-settled rights, privileges and immunities under the laws and Constitution of the United States:

    a. Right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment, which includes personal safety, freedom from captivity, and right to medical care and protection;

    b. Right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment;

    c. Right to due process of law under the Fourteenth Amendment;

    d. Right to equal protection of the laws under the Fourteenth Amendment and the rights, privileges and immunities of citizens of the United States and State of Michigan; and

    e. Otherwise violating the rights of Plaintiffs.

62. As a direct and proximate result of Defendant Zajac's actions, Plaintiff was deprived of rights, privileges, and immunities under the Fourteenth Amendment to the United States Constitution and the laws and Constitution of the State of Michigan.

63. As a direct and proximate result of Defendant Zajac's actions, Plaintiff suffered a loss of life, physical and mental pain and suffering, loss of social pleasure and enjoyment, fright, shock, fear, mental anguish, emotional distress, and anxiety.

## COUNT II: SECTION 42 U.S.C. § 1983
## DEFENDANT WEXFORD COUNTY SHERIFF'S OFFICE

64. Plaintiff incorporates here all previous paragraphs.

65. Defendant Wexford County Sheriff's Office, as a matter of acts, custom, policy and practice, have with deliberate indifference to Plaintiff's rights, caused Plaintiff to be deprived of his constitutional rights under the Fourteenth Amendment of the United Sates Constitution by maintaining policies, practices and customs that were a direct and proximate cause of the deprivation of Plaintiff's constitutional rights.

66. These acts, customs, policies and/or practices include, but are not limited to:

    a. Failure to adequately discipline, train, screen, supervise, transfer, or counsel police officers;

    b. Failure to train police officers, including but not limited to Defendant Zajac, in the proper policies and procedures for searches and wellness checks;

    c. Failure to supervise police officers, so as to prevent violations of citizens' Constitutional, common law, and statutory rights;

    d. Failure to institute policies and/or proceedings that would ensure police officers conduct proper searches;

    e. Failure to otherwise direct or control police officers concerning the rights of citizens with whom the police come into contact, including Plaintiff, thereby promoting, permitting or otherwise causing or contributing to the wrongful actions of Defendant Zajac; and

    f. Other acts, customs, policies and/or practices as may be revealed by discovery.

67. By these actions and/or omissions, Defendant Wexford County Sheriff's Office, as a matter of custom, policy and practice, has deprived Plaintiff of rights secured by the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

68. As a direct and proximate result of Defendant Zajac's actions and/or omissions, Plaintiff suffered a loss of life and freedom, physical and mental pain and suffering, loss of social pleasure and enjoyment, fright, shock, fear, mental anguish, emotional distress, and anxiety.

**STATE LAW CLAIMS – SUPPLEMENTAL JURISDICTION**

**COUNT III: GROSS NEGLIGENCE
DEFENDANTS ZAJAC AND COUNTY OF WEXFORD**

69. Plaintiff incorporates here all previous paragraphs.

70. At all relevant times, Defendant Zajac acted in the course and scope of his employment with Defendant County of Wexford and within the scope of his authority as a law enforcement officer with the Wexford County Sheriff's Office.

71. Defendant Zajac owed Plaintiff the following duties and obligations, among others:

    a. The duty to conduct a full and proper search;

    b. The duty to afford Willard Bliss a law enforcement response that treats him as equal to any other before the law;

    c. Other duties to be identified.

72. Defendant Zajac breached the duties owed to Plaintiff and was grossly negligent as that term is used and defined in M.C.L. 691.1407(2)(c), when Defendant conducted himself by

actions described above, said acts having been committed with reckless disregard for whether an injury would result, including the violation of Plaintiff's freedoms and Constitutional, statutory, and other legal rights.

73. Defendant County of Wexford is vicariously liable for the actions and/or omissions of Defendant Zajac under the doctrine of *respondeat superior*.

74. Defendant Zajac's gross negligence was the proximate cause of injury and damage to Plaintiff, which injuries and damages include a loss of life, physical and mental pain and suffering, loss of social pleasure and enjoyment, fright, shock, fear, mental anguish, emotional distress, and anxiety.

WHEREFORE, Plaintiff respectfully asks the Court to enter a judgment in its favor against Defendants, and each of them, in whatever amount it is found to be entitled, plus costs, interest, attorneys' fees, and any and all other relief appropriate under law.

Dated: November 16, 2023

/s/ John F. Turck IV
Thomas H. Blaske (P26760)
John F. Turck IV (P67670)
BLASKE & BLASKE, P.L.C.
Attorneys for Plaintiff
1327 Jones Drive, Suite 105
Ann Arbor, Michigan 48105
(734) 747-7055
thb@blaske.com
jt4@blaske.com

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: November 16, 2023 /s/ John F. Turck IV
Thomas H. Blaske (P26760)
John F. Turck IV (P67670)
BLASKE & BLASKE, P.L.C.
Attorneys for Plaintiff
1327 Jones Drive, Suite 105
Ann Arbor, Michigan 48105
(734) 747-7055
thb@blaske.com
jt4@blaske.com