UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEANNIE DORSEY as Personal
Representative of the
estate of WILLARD BLISS, et al.,

               Plaintiffs,                       Hon. Phillip J. Green

v.                                       Case No. 1:23-cv-1217

JACOB ZAJAC, et al.,

               Defendants.
_____/

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment.   (ECF No. 36).   The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment.   28 U.S.C. § 636(c)(1).   For the reasons discussed herein, the Court will grant Defendants' motion to dismiss with respect to the federal claims and decline to exercise supplemental jurisdiction over the remaining state law claims.

## BACKGROUND

This case arises from the tragic death of Willard Bliss.   Plaintiffs filed this action under 42 U.S.C. § 1983 against the Wexford County Sheriff's Office and Deputy Jacob Zajac.   (ECF No. 1).   They assert equal protection and due process claims under the Fourteenth Amendment against Defendant Zajac, a *Monell* claim against the Wexford County Sheriff's Office, and gross negligence state law claims against both Defendants.   The complaint alleges the following.

Plaintiff Jeannie Dorsey and her father, Mr. Bliss, usually spoke on the telephone multiple times a day.   In the evening on November 16, 2020, Ms. Dorsey was unable to get in contact with Mr. Bliss.   She grew more concerned the next morning when she could still not reach him.   Due to her concerns, Ms. Dorsey contacted Mr. Bliss' brother, Dwight, and asked Dwight to check on Mr. Bliss. Dwight was also unable to contact Mr. Bliss.

At around 11:00 a.m. on November 17, 2020, Ms. Dorsey called the Wexford County Sheriff's Office and told the dispatcher of her concerns.   Deputy Zajac was tasked with conducting the wellness check.   He went to Mr. Bliss' property but could not find Mr. Bliss.   Deputy Zajac called Ms. Dorsey and told her that he had done a "cursory assessment" of the property "and that everything seemed fine."   (ECF No. 1 at PageID.5).   Deputy Zajac also told Ms. Dorsey that Mr. Bliss' car was near the garage, and Ms. Dorsey replied that Mr. Bliss must be in the garage.   Nonetheless, Defendant Zajac could not find Mr. Bliss and left the property.

Still concerned, Ms. Dorsey then called her sister to look on Mr. Bliss.   Shortly thereafter, Ms. Dorsey's sister found Mr. Bliss hanging from a tractor by the garage. Mr. Bliss passed away on November 21, 2020.

## LEGAL STANDARD

Defendants move for dismissal under Rule 12(b)(6) or for summary judgment under Rule 56.  Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Having reviewed the record, the Court will analyze the motion under Rule 12(b)(6) and not consider any exhibit outside the pleadings.[1]

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between

---

[1] Defendants filed a Motion for Leave to File Exhibits in Traditional Manner (ECF No. 37), seeking to file two 911 recordings as exhibits in the traditional manner. Because the Court will not consider any exhibit outside the pleadings, the Court will deny Defendants' motion.

possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

### I.    Federal Claims

Defendants argue that Plaintiffs fail to state a claim as to each federal claim. First, Defendants contend that Plaintiffs' equal protection claim fails because Plaintiff is not a member of a protected class. *See Boger v. Wayne Cnty.,* 950 F.2d 316 (6th Cir. 1991). Second, Defendants argue that Plaintiffs' due process claim fails because Mr. Bliss was not in custody, and Plaintiffs do not allege that Defendant Zajac took an affirmative act that either created or increased the risk to Mr. Bliss, as required by the state-created doctrine exception. *See Estate of Romain v. City of*

*Grosse Pointe Farms,* 935 F.3d 485, 491-492 (6th Cir. 2019).   Defendants also argue that Plaintiffs' *Monell* claim fails because a municipality cannot be liable absent an underlying constitutional violation.   *See Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 900 (6th Cir. 2004).

In response, Plaintiff "does not contest this, and therefore stipulates to dismissal of th[ese] claim[s]."   (ECF No. 39 at PageID.392-393).   Although Plaintiffs say they stipulate to the dismissal of the federal claims, a stipulation of dismissal requires the signature of all parties at this stage of the proceedings.   *See* FED. R. CIV. P. 41(a)(1)(ii).

Nonetheless, Plaintiffs' response amounts to a waiver.   By affirmatively stating that they do not contest Defendants' arguments, they have made a "deliberate decision" to abandon the claims.   *See Walker v. United States,* 134 F.4th 437, 440 (6th Cir. 2025) (quoting *Wood v. Milyard*, 566 U.S. 463, 473 (2012); *see also Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (finding that the plaintiff's failure to oppose arguments raised in the defendant's motion to dismiss is grounds for the district court to assume that opposition to the motion is waived (citations omitted)); *Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007) (finding that the plaintiff abandoned certain claims by failing to defend them in his brief in opposition to defendant's motion to dismiss (citations omitted)).   Accordingly, Plaintiffs have abandoned their federal claims, and the Court will grant Defendants' motion and dismiss them.

## II.    State Law Claims

In light of the dismissal of the federal claims, the Court must now address the question of whether to continue exercising supplemental jurisdiction over the state law claims.   For the following reasons, the Court will decline to do so.

The doctrine of supplemental jurisdiction was originally established by the Supreme Court as a matter of federal common law under the term "pendent jurisdiction."   *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).   It is now largely codified at 28 U.S.C. § 1367.

Under that statute, "the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."   28 U.S.C. § 1367(a).   The Court may decline to exercise supplemental jurisdiction over such a claim if:

(1)    the claim raises a novel or complex issue of State law,

(2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)    the district court has dismissed all claims over which it has original jurisdiction, or

(4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1-4).

-6-

District courts retain broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims, discretion which is bounded by constitutional and prudential limits on the use of federal judicial power.  *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996).  "As a rule of thumb . . . [w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims."  *Id*. (*citing Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7(1988)).

In determining whether to exercise supplemental jurisdiction after the dismissal of the federal claims, the Court must take into consideration the basis for the dismissal of the federal claims.  "Not all 'pretrial dismissals' affect supplemental claims in the same manner."  *Musson*, 89 F.3d at 1255.  Dismissals following summary judgment do not affect the Court's ability to resolve supplemental claims.  *Id*.  But that is not in play here.

Appellate courts closely scrutinize, however, the retention of supplemental jurisdiction following the dismissal of claims under Rule 12(b)(6).  *See id.* Dismissals under Rule 12(b)(6) triggers a "strong presumption in favor of dismissing supplemental claims."  *Musson*, 89 F.3d at1255 (citing *Taylor v. First America Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (dictum); *Vild v. Visconsi*, 956 F.2d 560, 570 (6th Cir. 1992) (dictum); *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991) (dictum); *Gaff v. Federal Deposit Insurance Corp.*, 814 F.2d 311, 319 (6th Cir. 1987) (reversing district court's decision to exercise supplemental

jurisdiction after Rule 12(b)(6) dismissal)).   One of the reasons for the Rule 12(b)(6) dismissal presumption is that it comes early in the case, before the court has expended time or resources on the state claims.   *See Musson*, 89 F.3d at 1255.   That presumption may be overcome by "unusual circumstances," *Gaff*, 814 F.2d at 318; for example, "some prejudice arising from relegating the case for trial in the state court." *Nolan v. Meyer*, 520 F.2d 1276, 1280 (2d Cir. 1975).   The Court finds no unusual circumstance here to overcome the presumption of declining supplemental jurisdiction.

Accordingly, the Court declines to exercise supplemental jurisdiction over the state law claims.   Plaintiffs' state law claims may proceed in state court.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 36) is **GRANTED** with respect to the federal claims and the remainder of the motion is **DISMISSED** as **moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' federal claims are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs' state law claims are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Exhibits in the Traditional Manner (ECF No. 37) is **DENIED**.

A judgment consistent with this Opinion and Order will enter.

Date: September 25, 2025

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate